UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MILO ALSTON,

              Plaintiff,

  -against-

KINGS COUNTY HOSPITAL; DR. HASSAN;
WOODHULL HOSPITAL; and BRONX
LEBANON HOSPITAL SPECIAL CARE
UNIT,

              Defendants.

----------------------------------------X

MEMORANDUM
AND ORDER
06-CV-4356 (NG)

GERSHON, United States District Judge:

     Plaintiff brings this *pro se* action alleging medical malpractice by defendants. Specifically, plaintiff alleges that the defendants diagnosed and treated him for HIV/AIDS, a disease he did not have. Plaintiff does not seek money damages; he wishes the defendants to be found "guilty of negligence" for not having performed the proper tests to determine if he had HIV/AIDS. The action was filed in the United States District Court, Northern District of New York on June 8, 2006 and transferred to this Court by Order dated July 31, 2006. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, but dismisses the action because none of the facts alleged in the complaint suggest that defendants violated plaintiff's federal constitutional rights in any respects, or that this Court has subject-matter jurisdiction in this case

### Standard of Review

     In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is

1

proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Moreover, all plaintiffs, regardless of representation, must establish that the Court has subject matter jurisdiction over the claims presented. See Rivera v. Golden Nat'l Mortg. Banking Corp., No. 00 Civ. 4368, 2001 WL 716908, at *1 n.2 (S.D.N.Y. June 26, 2001) ("The complaint must be construed liberally in favor of the pro se plaintiff. At the same time, however, the pro se plaintiff bears the burden of establishing that subject matter jurisdiction exists."). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp. 126 S. Ct. 1235, 1244 (2006). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." Manway Constr. Co. Inc. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed. R. Civ. P. 12 (h)(3).

## Background

Plaintiff alleges that in 1998 he was admitted to Kings County Hospital for treatment of pneumonia, was (mis)diagnosed with pneumonia and HIV/AIDS, and, upon his release, was provided with medications for the treatment of HIV/AIDS.[1] Complaint at 4. Plaintiff states that he never signed a release for an HIV/AIDS test and that no blood was ever taken for that purpose. Id. Plaintiff continued to take the prescribed medication for the treatment of HIV/AIDS until and throughout his stay at Woodhull Hospital and Bronx-Lebanon Special Care Center, from on or about July 2001 until November 3, 2003. Id. at 4-5. When plaintiff was transferred to Saint Vincent's Hospital on November 10, 2003, plaintiff was tested for HIV/AIDS and found to be negative. Id. at 6. The negative result was confirmed by the Veterans Administration Hospital in the Bronx. Id. at 6, 18-19.[2] Plaintiff was incarcerated on April 21, 2004. Id. at 6. Tests conducted at Franklin County Correctional Facility and Washington County Correctional returned with negative results. Id.

## Discussion

Plaintiff seeks to bring a medical malpractice action against the defendants. Despite a liberal reading of plaintiff's complaint, it does not allege a basis for this Court's subject matter jurisdiction.

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28

---

[1] While plaintiff is currently incarcerated, he was not at the time of the incidents alleged in the complaint.

[2] The Court has paginated the Complaint and its attachments for ease of reference.

3

U.S.C. § 1332. Plaintiff's allegations do not establish a basis for federal jurisdiction based on diversity of citizenship because all of the parties are citizens of New York state. Nor does the complaint raise a federal question. Plaintiff's complaint formulates a state law claim for medical malpractice, see Harvey v. Cramer, 653 N.Y.S. 2d (1st Dep't 1997) (action for medical malpractice and intentional infliction of emotional distress based on physician's misdiagnosis of a patient as HIV positive)- but does not present a federal question.

While plaintiff utilized the form complaint for a 42 U.S.C. § 1983 claim, the facts alleged by plaintiff – even when construed in a manner most favorable to plaintiff – do not suggest that this statute provides a basis for subject-matter jurisdiction in this case. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Here, since none of the events that occurred violated plaintiff's constitutional rights, plaintiff has failed to state a claim under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii). Even if plaintiff were a prisoner at the time of his mis-diagnosis, because the inadvertent or negligent failure to provide adequate medical care does not rise to the level of deliberate indifference, allegations of medical malpractice or negligent treatment are insufficient to state a claim under [S]ection 1983." Johnson v. Newport Lorillard, 01 Civ. 9587, 2003 WL 169797, at *2 (S.D.N.Y. Jan. 23, 2003); accord Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of mistreatment under the Eighth Amendment."); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir.

1998) ("Negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim."); Hathway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) ("[M]ere medical malpractice is not tantamount to deliberate indifference.").

Since the facts alleged by plaintiff do not state a claim under 42 U.S.C. § 1983 and there is nothing in the complaint to suggest that plaintiff's constitutional rights were violated, plaintiff has alleged no basis for federal question jurisdiction.

## Conclusion

For the reasons stated above, this Court, in exercising its independent obligation to determine whether subject-matter jurisdiction exists, Arbaugh, 126 S. Ct. at 1244, finds no basis for the exercise of its subject-matter jurisdiction within the four corners of the complaint, notwithstanding its liberal reading of the pleading. Accordingly, the complaint filed *in forma pauperis* is dismissed for lack of subject- matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/(NG)
_____
NINA GERSHON,
United States District Judge

Dated: Brooklyn, New York
       Sept. 20, 2006

5